# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv341

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| $32,820.00 in UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 9].

The Plaintiff initiated this action for civil *in rem* forfeiture on August 28, 2009 and filed an amended complaint on September 1, 2009. [Doc. 1, Doc. 5]. In the amended complaint, it is alleged that on February 28, 2009, Adam Randall Woodson telephoned the Asheville Police Department concerning a deceased woman inside a house located at 63 Owenby

1

Road, Asheville, North Carolina. [Doc. 5, at 2]. The identity of the decedent is not provided and it is not alleged in the complaint whether the woman resided in the house. It is alleged, however, that Woodson and another individual, Clay Pearson, were present in the home when the police arrived and conducted the investigation which led to the discovery of the currency at issue. [Id.]. It is not alleged whether either Woodson or Pearson resided in the house.

The officers allegedly smelled marijuana in the house and located two closets each of which contained equipment used to grow marijuana. [Id., at 2-3]. Outside in the back yard, the police found live marijuana plants. [Id.].

The officers also found two safes inside the residence. [Id., at 3]. According to the complaint, Woodson told the police that the safes did not belong to him. [Id.]. The safes were later opened pursuant to a search warrant and inside one of the safes was found the currency at issue. [Id.]. It is not alleged whether the safes belonged to the decedent or Pearson.

On June 2, 2009, Woodson made a written claim of ownership of the currency under penalty of perjury by sending a letter to the Drug Enforcement Agency (DEA). [Id., at 4]. Although not clear, this allegation

contained within the complaint indicates that the DEA had begun an administrative forfeiture proceeding and had provided notice to Woodson. Once a DEA forfeiture proceeding is contested, it must be referred to the United States Attorney's office for judicial forfeiture proceedings. 19 U.S.C. §1608; 21 C.F.R. §1316.78. It thus appears, although it is not alleged, that after Woodson filed a claim in response to the DEA notice, the DEA turned the matter over to the United States Attorney for the Western District of North Carolina for the initiation of this judicial forfeiture proceeding. The United States attempted to provide Woodson with notice that this proceeding had been filed. [Docs. 7-3 through 7-5]. In addition, the United States Attorney attempted to serve copies of the civil *in rem* complaint on Woodson. [Id.].

The record does not reflect whether notice of the judicial forfeiture proceeding was provided to any other potential claimants, including Pearson and/or the estate of the decedent. Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government[.]"). As a result, the Court will

require the Plaintiff to advise whether notice of the proceeding and/or service of the complaint has been made to those potential claimants. In the event that the Plaintiff has determined that notice was not necessary, facts in support of that determination should be placed in the record.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days from entry of this Order, the United States shall file response to the following inquiries:

1. Did Woodson, the decedent and/or Pearson reside at 63 Owenby Road, Asheville, North Carolina;

2. Did the United States ascertain the identity of the decedent;

3. Did the decedent's estate and/or Pearson claim or refute ownership of the two safes found inside the house located at 63 Owenby Road, Asheville, North Carolina;

4. Did the DEA begin an administrative forfeiture proceeding;

5. Did the United States provide or attempt to provide notice of this proceeding to any potential claimant other than Woodson;

6. Did the United States provide or attempt to provide a copy of the complaint in this proceeding to any potential claimant other than Woodson;

7. In the event that the United States did not provide such notice or a copy of the complaint, facts in support of such determination shall be filed in the record.

Signed: November 24, 2009

Martin Reidinger
United States District Judge