# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv341

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> $32,820.00 in UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant. ) <br> _____ ) | **DEFAULT JUDGMENT OF FORFEITURE** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 15].

## PROCEDURAL AND FACTUAL HISTORY

The Plaintiff initiated this action for civil *in rem* forfeiture on August 28, 2009 and filed an Amended Complaint on September 1, 2009. [Doc. 1, Doc. 5]. In the Amended Complaint, it is alleged that on February 28, 2009, Adam Randall Woodson (Woodson) telephoned the Asheville Police Department concerning a deceased woman inside a house located at 63 Owenby Road, Asheville, North Carolina. [Doc. 5, at 2]. Woodson and another individual,

1

Clay Pearson (Pearson), were present in the home when the police arrived. [Id.]. The officers smelled marijuana in the house and located two closets each of which contained equipment used to grow marijuana. [Id., at 2-3]. Outside in the back yard, the police found growing marijuana plants. [Id.].

The officers also found two safes inside the residence, a Sentry safe and a Honeywell safe. [Id., at 3]. Woodson told the police that the safes did not belong to him. [Id.]. The safes were later opened pursuant to a search warrant and inside the Honeywell safe, the officers found the currency at issue in this proceeding. [Id.]. The safe also contained LSD and records of sales written on cards. [Id., at 4]. The Sentry safe was opened and found to contain two sealed packages of marijuana weighing about two pounds. [Id.].

By Order in this matter entered November 25, 2009, the Court requested additional information. [Doc. 10]. In response, the Government has filed the affidavit of Steve Riddle, an officer with the Asheville Police Department. [Doc. 15-10]. Officer Riddle states that the home at which the marijuana and safes were found was owned by Stella Taylor, a California resident who continues to own it. [Id.]. Woodson was renting the home from Taylor and was the only person listed on the lease. [Id.]. Michele Lynn Sullivan, the decedent, was also residing at the home although not named in

the lease.  [Id.]; [Doc. 15, at 1].

**DISCUSSION**

On June 2, 2009, Woodson made a written claim of ownership of the currency under penalty of perjury by sending a letter to the Drug Enforcement Agency (DEA) which had begun an administrative forfeiture proceeding. [Id., at 4].  Once a DEA forfeiture proceeding is contested, it must be referred to the United States Attorney's office for judicial forfeiture proceedings.  19 U.S.C. §1608; 21 C.F.R. §1316.78.  The DEA turned the matter over to the United States Attorney for the Western District of North Carolina for the initiation of this judicial forfeiture proceeding.

Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions requires the government to send "notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government[.]" On September 2, 2009, the United States sent personal notice of this forfeiture action to Woodson at his residence by certified mail, return receipt requested. [Doc. 15-1].  The notice was returned as undeliverable.  [Id.].  On the same date, notice was sent to Woodson's attorney by certified mail, return

3

receipt requested. [Doc. 15-2]. That notice was received. [Id.]. On September 28, 2009, personal notice was sent to Woodson at 21 Timberview Road, Arden, North Carolina 28704 by certified mail, return receipt requested. [Doc. 15-5]. That notice was also received. [Id.]. No answer or claim was filed by Woodson or by his attorney.

Although Woodson filed a claim in the DEA administrative forfeiture proceeding, he did not file a claim or answer in this civil forfeiture action. Rule G(5)(a) & (b), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The "'filing of the earlier administrative claim is not a substitute for the claim that must be filed with the court under Rule C(6) [and/or Rule G].'" United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars in United States Currency, 183 Fed.Appx. 237, 241 (3rd Cir. 2006), quoting David B. Smith, Prosecution and Defense of Forfeiture Cases, §9.04[1]; accord, United States v. $23,000, 356 F.3d 157, 166 (1st Cir. 2004); United States v. $2,857.00, 754 F.2d 208, 214 (7th Cir. 1984) ("A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief."). As a result, Woodson has defaulted in this proceeding.

It is also noted that at the time of the investigation, Woodson denied any ownership interest in either safe. David B. Smith, Prosecution and Defense

of Forfeiture Cases, §9.04[2][a] (2006) (claimant must show an ownership or possessory interest in property); Mantilla v. United States, 302 F.3d 182, 185 (3rd Cir. 2002), *certiorari denied* 538 U.S. 969, 123 S.Ct. 1769, 155 L.Ed.2d 527 (2003) (claimant must show colorable ownership or possessory interest in funds); United States v. Stokes, 191 Fed.Appx. 441 (7th Cir. 2006) (defendant had no standing because he abandoned any ownership in plea agreement); United States v. Real Property Described in Deeds, 962 F.Supp. 734, 737 (W.D.N.C. 1997); Arango v. United States, 1998 WL 417601 **2-3 (N.D.Ill. 1998) (agents reasonably believed purported claimant was not an interested party because he denied ownership and notice by publication was perfected). Woodson has presented nothing to indicate why the Court should disregard this denial of ownership.

On December 1, 2009, personal notice was sent to Pearson, the other individual present in the home during the investigation, at his residence by certified mail, return receipt requested. [Doc. 15-6]. That notice was received. [Id.]. No answer or claim has been filed and Pearson is in default.

On February 12, 2010, personal notice was sent to James Sullivan, the father of Michele Lynn Sullivan (the deceased) by certified mail, return receipt requested. [Doc. 15-8]. That notice was received. [Id.]. No answer or claim

has been filed by him or ob behalf of the Estate is in default.

On April 15, 2010, personal notice was sent to Taylor, the owner of the residence, by certified mail, return receipt requested. [Doc. 15-9]. That notice was received. [Id.]. No answer or claim has been filed and Taylor is in default.

In addition to the personal notices, the government published in the Asheville Citizen-Times, a newspaper of general circulation in Buncombe County, North Carolina, notice of the forfeiture action on January 31, 2010, February 7, 2010 and February 14, 2010. [Doc. 14]; Rule G(4)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; Whiting v. United States, 231 F.3d 70, 76 (1st Cir. 2000) ("Due process requires the government to afford an owner 'notice and an opportunity to be heard' before civilly forfeiting his property, but actual *receipt* of notice by the defendant is not automatically required. Rather, ... due process requires the provision of 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (citations omitted).

The Court finds that the allegations of the Complaint and the supplemental filings establish that the currency at issue was the proceeds of

controlled substances violations. 21 U.S.C. §881(a)(6). The Court also finds that the Plaintiff has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is appropriate.

## JUDGMENT

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 15] is hereby **GRANTED** and Default Judgment against the Defendant $32,820.00 in United States Currency is hereby **ENTERED** in favor of the United States of America.

Signed: August 3, 2010

Martin Reidinger
United States District Judge